J. Ashlee Albies  OSB #051846
E-mail: ashlee@civilrightspdx.com
Michael Rose, OSB # 753221
E-mail: mrose@civilrightspdx.com
CREIGHTON & ROSE, PC
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:        (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DANIEL HARRIGAN, by and through his guardians CAROLE HARRIGAN and RANDY HARRIGAN,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARION COUNTY, et al.,<br><br>          Defendants. | Civil No. 6:11-CV-06174-SI<br><br>**PLAINTIFF'S MOTIONS *IN LIMINE*** |

Plaintiff respectfully moves the Court before trial and before selection of the jury for an Order instructing the defendants, its attorney and witnesses not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, any of the facts or arguments indicated below, without first obtaining the

PAGE 1 – PLAINTIFF'S MOTIONS *IN LIMINE*

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

permission of the Court, after full hearing, and further directing defendants' attorney to instruct, warn, and caution each and every one of its witnesses to strictly follow the Order entered by the Court in connection with these motions.

Similarly, depending upon the course of the trial and any additional pre-trial submissions by defendants, plaintiff reserves the right to make further motions *in limine* and objections to inadmissible evidence.

Plaintiff moves *in limine* as follows:

## MOTION NO. 1

Plaintiff requests a narrow application of the rule of FRCP 611(b): Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility, subject, of course, to the court's discretion.

## MOTION NO. 2

Plaintiff moves to exclude the playing or any transcript of the 911 call for this incident, as the responding deputies did not hear the call or recording before responding, and relied solely on the information conveyed by dispatch. To the extent there is additional information in that recording, it was not the basis for any action taken by defendants and is therefore not relevant (FRE 401, 402) and unduly prejudicial (FRE 403). In addition the 911 call contains inadmissible hearsay. In addition, the 911 call is not relevant and contains inadmissible hearsay. FRCP 801, 802.

///

PAGE 2 – PLAINTIFF'S MOTIONS *IN LIMINE*

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

## MOTION NO. 3

Plaintiff moves to exclude any evidence of prior assaults that Daniel may have committed that were unknown to the defendant deputies. Such evidence is irrelevant (FRE 401, 402) and unduly prejudicial (FRE 403). It is also improper character evidence. FRE 404(1).

## MOTION NO. 4

Plaintiff moves to exclude evidence of commendations, honors, awards or other similar events from the histories of the defendant deputies. Such evidence is improper character evidence (FRE 404(1)), is not relevant to any issue before the jury (FRE 401, 402), and is unduly prejudicial (FRE 403).

## MOTION NO. 5

Plaintiff moves to exclude the testimony of witnesses or evidence not previously disclosed to plaintiff during discovery. FRCP 26(c).

## MOTION NO. 6

Plaintiff moves to exclude evidence regarding an investigation into the conduct of plaintiff's expert witness Jack Ryan while he was Chief of Police of Providence, R.I., which investigation did not lead to any criminal charges or criminal conviction. Such evidence is improper character evidence (FRE 404(1)), is improper impeachment evidence (FRE 608), is not relevant to any issue before the jury (FRE 401, 402), and is unduly prejudicial (FRE 403).

PAGE 3 – PLAINTIFF'S MOTIONS *IN LIMINE*

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

## MOTION NO. 7

Plaintiff moves to exclude experts' opinions on the legal conclusion as to whether the force used by the defendant deputies was excessive or not. "[A]n expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Paul Revere Life Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal citations and quotation marks omitted).

## MOTION NO. 8

Plaintiff moves to exclude any testimony or evidence of Daniel Harrigan's having engaged in "undesirable sexual behaviors" or any similar conduct. Such evidence is improper character evidence (FRE 404(1)), is not relevant to any issue before the jury (FRE 401, 402), and is unduly prejudicial (FRE 403).

## MOTION NO. 9

Plaintiff moves to exclude testimony or other evidence that a verdict against defendants will have an adverse impact on mental health services or Marion County's coffers is not relevant to any issue in the case and should be excluded under FRE 401 and 402.

In addition, even if such evidence has any marginal relevance, its probative value, if any, is substantially outweighed by the risk of prejudice to plaintiffs and confusion of the issues for the jury, and thus should be excluded under FRE 403.

///

PAGE 4 – PLAINTIFF'S MOTIONS *IN LIMINE*

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

## MOTION NO. 10

Plaintiff moves to exclude evidence that Mr. Harrigan is on Medicare or Medicaid. Such evidence is irrelevant (FRE 401, 402) and is unduly prejudicial (FRE 403).

## MOTION NO. 11

Plaintiff moves to exclude evidence related to any argument that defendants Stacy Lucca, Jason Bernards, Jeffrey Strutrud, T. Shane Burnham may have "good" character, and any evidence related thereto, should be excluded from the trial. Such evidence is improper character evidence (FRE 404(1)), is not relevant to any issue before the jury (FRE 401, 402), and is unduly prejudicial (FRE 403).

## MOTION NO. 12

Plaintiff moves to exclude any evidence of or testimony of any witness expressing the opinion that defendants were not discriminatory. At issue in this case is the treatment of plaintiff by defendants. Testimony or evidence of non-discrimination against other people is irrelevant. FRE 401, 402.

To the extent that such evidence is offered to show that defendants did not act in a discriminatory manner as a general matter or at any other time, it is inadmissible as improper character evidence, since "[e]vidence of other . . . acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." FRE 404. Testimony of any witness of their opinion about whether or not defendant acted in a discriminatory manner is subject to the same objection: it is not relevant, nor is it

PAGE 5 – PLAINTIFF'S MOTIONS *IN LIMINE*

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

proper character evidence.

## MOTION NO. 13

Plaintiff moves to exclude evidence of defendants' compliance with the Americans with Disabilities Act or the Rehabilitation Act in instances other than the incident at issue in the case.

Such evidence is improper character evidence (FRE 404(1)), is not relevant to any issue before the jury (FRE 401, 402), and is unduly prejudicial (FRE 403).

## MOTION NO. 14

Plaintiff moves to exclude evidence suggesting that Mr. Harrigan's autism or developmental delay is such that it is likely that someone with those conditions would act aggressively. The question here is not how plaintiff might have behaved, it is how he did behave, and defendants' conduct and responsibility given their interaction with Mr. Harrigan during in incident. It would be unduly prejudicial, as it may suggest to the jury that Mr. Harrigan somehow "asked for" the mistreatment by the deputies. *See Wallace V. Mulholland*, 957 F.2d 333, (7th Cir. 1992). Such evidence is improper character evidence (FRE 404(1)), is not relevant to any issue before the jury (FRE 401, 402), and is unduly prejudicial (FRE 403).

## MOTION NO. 15

Plaintiff moves to prohibit an expert witness from testifying beyond the four corners of report. FRCP26(a)(2).

PAGE 6 – PLAINTIFF'S MOTIONS *IN LIMINE*

CREIGHTON
& ROSE, PC
ATTORNEYS
AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

## MOTION NO. 16

Plaintiff moves to exclude any testimony about the health problems of Renzo, the dog. While plaintiff is not unsympathetic to Renzo's recent surgery, evidence of it is not relevant to any issue before the jury (FRE 401, 402), and is unduly prejudicial (FRE 403).

## MOTION NO. 17

Law enforcement officers who are called as witnesses should be required to appear in civilian clothing. To permit them to appear in uniform, cloaked in the authority of their office, would be unduly prejudicial. FRE 403.

## MOTION NO. 18

Plaintiff hereby requests that witnesses be excluded pursuant to FRE 615.

DATED this 19th day of August, 2013.

                                                      */s/ J. Ashlee Albies*
                                                      J. Ashlee Albies, OSB # 051846
                                                      Michael Rose, OSB # 753221
                                                      Of Attorneys for Plaintiffs

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com